IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAURIE S. JENKINS,<br><br>        Plaintiff,<br><br>vs.<br><br>UTAH COUNTY JAIL; UTAH COUNTY; SCHRYVER MEDICAL, INC.; TODD MCALLISTER; ALAN HARRIS; VICKIE NOSTRUM; and DALE BENCH.<br><br>        Defendants. | MEMORANDUM DECISION<br><br>AND ORDER<br><br><br>Case No. 2:11-cv-00761 |

On November 13, 2012, Laurie Jenkins filed an Amended Complaint alleging, in part, that Schryver Medical, Inc. (Schryver) violated her Eighth Amendment rights. (Dkt. No. 50.) Schryver now moves the court to dismiss Ms. Jenkins's claims. For the reasons stated below, the court grants the motion and dismisses Ms. Jenkins's claims against Schryver without prejudice. However, the court also grants leave for Ms. Jenkins to file a Second Amended Complaint within fourteen days.

BACKGROUND

On August 23, 2011, Laurie Jenkins filed a Complaint alleging that Utah County and Utah County Jail, among others, violated her Eighth Amendment and state civil rights. (Dkt. No. 2.) After she was granted leave to amend, Ms. Jenkins filed an Amended Complaint alleging two causes of action against Schryver for deliberate indifference in violation of the Eighth

Amendment.  (Dkt. No. 50.)  First, Ms. Jenkins alleged that Schryver failed to provide proper medical care.  Second, Ms. Jenkins alleged that Schryver inflicted wanton and unnecessary pain.

## ANALYSIS

To survive a motion to dismiss, the plaintiff's complaint must "allege enough factual matter, taken as true, to make 'his claim to relief . . . plausible on its face.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 (2007) (citations omitted).  "[W]hile Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims animating the elements of her causes of action."  *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (citations omitted).  *See also Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009).  To prevail on a deliberate indifference claim, the plaintiff must show that the defendant was aware of a serious medical condition and disregarded it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *James v. Fed. Bureau of Prisons*, 79 Fed. App'x 417, 419 (10th Cir. 2003).

In this case, Ms. Jenkins has failed to "[nudge her claim] across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 569.  The Amended Complaint merely alleges that Schryver provides x-ray services to inmates and detainees and that Ms. Jenkins did not receive an x-ray.  There is no allegation that Schryver knew that Ms. Jenkins needed or requested an x-ray, although additional facts included in Ms. Jenkins's Memorandum in Opposition to the Motion to Dismiss suggest that Schryver may have had this knowledge.  (*See* Dkt. No. 59.)  By not including any factual allegations regarding Schryver's awareness of Ms. Jenkins's need for an x-ray, the Amended Complaint has failed to state any deliberate indifference claims.  However, the court will give Ms. Jenkins one final opportunity to amend the Complaint to bring it into conformity with the required pleading standards.  Given the current stage of discovery and the

additional facts brought to light in Ms. Jenkins's memorandum, the court believes that Ms. Jenkins may be able to state a claim against Schryver. But Ms. Jenkins must state the claim in her Second Amended Complaint—raising additional facts in a memorandum does not suffice.

## CONCLUSION

For the reasons discussed above, Schryver's Motion to Dismiss (Dkt. No. 56) is GRANTED and Ms. Jenkins's claims against Schryver are DISMISSED WITHOUT PREJUDICE. Ms. Jenkins is granted leave to file a Second Amended Complaint within fourteen days.

SO ORDERED this 27th day of March, 2013

BY THE COURT:

ROBERT J. SHELBY
United States District Judge